UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
RAFFAELE OCELLO,

          Plaintiff,

-against-

THE CITY OF NEW YORK, and SKANSKA
USA, INC., SKANSKA USA CONSTRUCTION
SERVICES, INC., SKANSKA USA BUILDING,
INC. and BARNEY SKANSKA, INC.,

          Defendants.
---------------------------------------------------------X

PLAINTIFF DEMANDS
A TRIAL BY JURY
COMPLAINT

CV-05 3725
SIFTON, J.
POLLAK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 0 5 2005 ★
BROOKLYN OFFICE

      The plaintiff, above named, as and for his Complaint against the Defendants, by his attorneys, SILVERSTEIN, HURWITZ & STERN, LLP, upon information and belief, respectfully alleges:

### JURISDICTION

    1.    This a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. The provisions of Section 33 of the Merchant Marine Act of 1920, 46 U.S.C. §688, commonly known as the Jones Act, and all the statutes amendatory and supplemental thereto are applicable to this action.

    2.    The Plaintiff is a citizen of the State of New York and Defendant THE CITY OF NEW YORK is a municipal corporation with offices within the State of New York and City of New York and incorporated under the laws of the State of New York, having their principal place of business in the State of New York.

    3.    Defendant SKANSKA USA, INC. is a corporation incorporated under the laws of the State of Delaware, having their principal place of business in the State of New Jersey.

4.     Defendant, SKANSKA USA Building, Inc., is a corporation incorporated under the laws of the State of Delaware, having their principal place of business in the State of New Jersey.

5.     Defendant SKANSKA USA Construction Services, Inc., is a corporation incorporated under the laws of the State of Delaware, having their principal place of business in the State of New Jersey.

6.     Barney SKANSKA, Inc., was a corporation incorporated under the laws of the State of Delaware, with their principal place of business in the State of New York.

7.     The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION

8.     That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, (hereinafter "CITY") was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and doing business in the State of New York.

9.     That at all times hereinafter mentioned, the Defendant CITY owned and operated a certain vessel known as the Guy V. Molinari (hereinafter the "vessel").

10.    That all times hereinafter mentioned, the Defendant CITY employed the plaintiff, RAFFAELE OCELLO, as a seamen on the vessel.

11.    That at all times hereinafter mentioned, the Plaintiff was in the course of his employment with the Defendant CITY in the capacity of member of the crew of the vessel.

12.    That at all times hereinafter mentioned, the Defendant CITY managed,

12. That at all times hereinafter mentioned, the Defendant CITY managed, operated, controlled, inspected and repaired the aforesaid vessel, the St. George Terminal and the slips therein.

13. That at all times hereinafter mentioned, the Defendant CITY, had possession of the aforesaid vessel, its gear and equipment.

14. That at all times hereinafter mentioned, the Defendant CITY was the employer of the master, officers, seamen and other crew members comprising the crew of the aforesaid vessel.

15. That at all times hereinafter mentioned, the Defendant CITY provided the master, officers, seamen and other crew members comprising the crew of the aforesaid vessel.

16. That at all times hereinafter mentioned, there was imposed upon the Defendant CITY a duty and obligation to furnish and provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent master, officers and seamen.

17. That on or about March 9, 2005, while in the course of his employment as a mate with the Defendant CITY, and aboard the aforesaid vessel owned and operated by Defendant CITY, Plaintiff was caused to sustain serious injuries, without any fault on his part and wholly and solely by reason of the negligence, recklessness and carelessness of the defendant CITY its agents, servants and/or employees, and by reason of their failure to provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent master, officers and seamen.

18. That the Defendant CITY has breached its duty to the Plaintiff RAFFAELE

OCELLO, under the 46 U.S.C. Section 688, otherwise known as the Jones Act.

19. As a result of the aforesaid, the Plaintiff RAFFAELE OCELLO, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; plaintiff was incapacitated from his usual vocation and avocation and has been caused to undergo medical care and attention all to his damage in the sum of **FIFTY ($50,000,000.00) MILLION DOLLARS.**

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats, reiterate and realleges each and every allegation contained herein above in paragraphs "1" through "19" inclusive with the same force and effect as if hereinafter set forth at length.

21. That at all times hereinafter mentioned, there was imposed upon the Defendant, CITY, a duty and obligation to furnish and provide plaintiff with a seaworthy vessel with safe ingress and egress, proper and sufficient tools and appliances, and a safe and competent master, officers and seamen.

22. That on or about March 9, 2005, while in the course of his employment with the Defendant, RAFFAELE OCELLO, as a mate aboard the aforesaid vessel, owned and operated by the Defendant CITY, plaintiff was caused to sustain serious injuries, without any fault on the part of the Plaintiff, and wholly and solely by reason of the failure of the Defendant, CITY, its agents, servants and/or employees, to provide plaintiff with a seaworthy vessel.

23. As a result of the aforesaid, the Plaintiff RAFFAELE OCELLO, was

caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to undergo medical care attention all to his damage in the sum of **FIFTY MILLION ($50,000,000.00) DOLLARS**.

## AS AND FOR A THIRD CAUSE OF ACTION

24. Plaintiff repeats, reiterates, realleges each and every allegation contained herein above in paragraphs "1" through "23" inclusive with the same force and effect as if hereinafter set forth at length.

25. Plaintiff RAFFAELE OCELLO is entitled to maintenance, cure and medical expenses for the period that he was and will be disabled and unable to work in the sum of **FIVE ($5,000,000.00) MILLION DOLLARS**.

## AS AND FOR A FORTH CAUSE OF ACTION

26. Plaintiff repeats, reiterate and realleges each and every allegation contained herein above in paragraphs "1" through "25" inclusive with the same force and effect as if hereinafter set forth at length.

27. That at all times hereinafter mentioned the Defendant, SKANSKA USA, Inc., was and still is a corporation duly licensed to do business within the State of New York.

28. That at all times hereinafter mentioned the Defendant, SKANSKA USA Construction Services, Inc., was and still is a corporation duly licensed to do business within the State of New York.

29. That at all times hereinafter mentioned the Defendant, SKANSKA USA Building, Inc., was and still is a corporation duly licensed to do business within the State of New York.

30. That at all times hereinafter mentioned the Defendant, Barney SKANSKA, Inc., was and still is a corporation duly licensed to do business within the State of New York.

31. That all times hereinafter mentioned the Defendant CITY owned and operated the St. George Terminal (hereinafter the "Terminal").

32. That at all times hereinafter mentioned the Defendant CITY retained the services of SKANSKA USA, Inc. to renovate the Terminal and the slips therein.

33. That at all times hereinafter mentioned the Defendant CITY retained the services of SKANSKA USA Construction Services, Inc. to renovate the Terminal and the slips therein.

34. That at all times hereinafter mentioned the Defendant CITY retained the services of SKANSKA USA Building, Inc. to renovate the Terminal and the slips therein.

35. That at all times hereinafter mentioned the Defendant CITY retained the services of Barney SKANSKA Inc. to renovate the Terminal and the slips therein.

36. That all times hereinafter mentioned the renovation included, but was not limited to, work to be performed on the slip railings, apron, and other apparatuses to be used for safe ingress and egress to and from the vessel.

37. That at all times hereinafter mentioned solely by reason of the negligence, recklessness and carelessness of the Defendants, a portion of the slip railing came loose and struck the Plaintiff.

38. As a result of the aforesaid, the Plaintiff, RAFFAELE OCELLO was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to undergo medical care attention all to his damage in the sum of FIFTY

MILLION ($50,000,000.00) DOLLARS.

WHEREFORE, plaintiff RAFFAELE OCELLO, demands judgment against the defendant, THE CITY OF NEW YORK, in the sum of FIFTY ($50,000,000.00) MILLION DOLLARS on the First Cause of Action; in the sum of FIFTY ($50,000,000.00) MILLION DOLLARS on the Second Cause of Action; in the sum of FIVE ($5,000,000.00) MILLION DOLLARS on the Third Cause of Action; and as against the Defendants SKANSKA USA, Inc., SKANSKA USA Construction, Services, Inc., SKANSKA USA Building Inc. and Barney SKANSKA Inc. in the sum of FIFTY ($50,000,000.00) MILLION DOLLARS on the Fourth Cause of Action, together with costs and disbursements of this action.

Dated: New York, New York
July 1, 2005

Yours, etc.,
SILVERSTEIN, HURWTIZ & STERN, LLP

By: _____
CLIFFORD J. STERN (4805)
*Attorneys for Plaintiff*
40 Fulton Street - 7th Floor
New York, N.Y. 10038
(212) 385-1444

TO:

THE CITY OF NEW YORK
One Centre Street
New York, NY 10007

SKANSKA USA INC.
SKANSKA USA CONSTRUCTION SERVICES, INC.
SKANSKA USA BUILDING INC.
BARNEY SKANSKA INC.
1633 Littleton Road
Parsippany, NJ 07054